WILL STONE ET ALS. V. STUMPER, SHERIFF OF MAVERICK COUNTY.

(No. 231, Op. Book No. 1, p. 423.)

APPEAL from Maverick County.    Opinion by WHITE, J.

§ **324.** *Taxation, exemption from.* The thirteenth legislature passed an act releasing certain taxes to the several counties therein named, for two years. [Gen. Laws 13th Leg. pp. 59, 60.] Injunction was sued out to restrain the sheriff of Maverick county from collecting the taxes under said exemption. On motion of the district attorney, the injunction was dissolved, upon the ground that the act of the legislature was in direct violation of art. 12, sec. 19, of the constitution. This section reads: "Taxation shall be equal and uniform throughout the state. All property in the state shall be taxed according to its value, to be ascertained as directed by law, except such property as two-thirds of both houses of the legislature may think proper to exempt from taxation." *Held* that, under the latter clause of this provision, the legislature could pass the act in question by a concurrent vote of two-thirds of the members of both houses, and that in the absence of any attempt to prove otherwise, it would be presumed that the act was passed in conformity with this provision of the constitution.

§ **325.** *Constitutional laws.* It is but a decent respect due to the wisdom, the integrity and the patriotism of the legislative body by which any law is passed, to presume in favor of its validity, until its violation of the

constitution is proved beyond all reasonable doubt. [Ogden v. Saunders, 12 Wheat. 270.]

§ 326. *Constitutionality of a law.* The constitutionality of a law is to be presumed because the legislature which was first required to pass upon the question, acting, as they must be deemed to have acted, with integrity and with a just desire to keep within the restrictions laid by the constitution upon their action, have adjudged that it is so. They are a co-ordinate department of the government with the judiciary. invested with very high and responsible duties, as to some of which their acts are not subject to judicial scrutiny, and they legislate under the solemnity of an official oath which it is not to be supposed they will disregard. It must therefore be presumed that their own doubts of the constitutionality of their action have been deliberately solved in its favor, so that courts may with some confidence repose upon their conclusion as one based upon their best judgment. [Cooley's Const. Lim. side p. 183.]

May 24, 1877.                    Reversed and remanded.